UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

— — — — — — — — — — — — — — — —

DANA GIBSON,

        Plaintiff,

  - against -

NICOLE A. HEARY, ROBERT D. SIGLIN,
C.K. WILKINS, A. RODRIGUEZ, J.
WEST, M. CLARK, T.X. GETER, R.W.
DELGIORNO, BRENDA ZELKO, C. FISCUS,
JOHN DOE-1, JOHN DOE-2, P.T. PICCOLO,
T. HAWK, BRYAN BASHAW, A. GIWAOSAGIE,
AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION
(DOCCS),

        Defendants.

— — — — — — — — — — — — — — — —

**FIRST AMENDED CIVIL
RIGHTS COMPLAINT**

17-CV-00272-WMS



**PLEASE TAKE NOTICE,** pursuant to 28 U.S.C. §1654. 42 U.S.C. §§1983 and 2000cc-1 et seq., and Rule 3 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), plaintiff, Dana Gibson ("Gibson"), pro se, hereby commence this civil rights action.

## VENUE AND JURISDICTION

1. Venue is appropriate in this judicial district under 28 U.S.C. §1391 (e)(2), because the events giving rise to plaintiff's claims at all relevant dates and approximate times was initiated in this judicial district (i.e., Erie and Chemung counties of the State of New York).

2. In accordance with Fed.R.Civ.P. 8 (a)(1), this civil rights action arises under violations of Amendments I, VIII and XIV to the United States Constitution, 42 U.S.C. §1983, and the Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. §2000cc-1 et seq. Jurisdiction is invoked pursuant to 28 U.S.C. §§§§§112 (d), 1331, 1343, 1391, 2201, and 2202, 42 U.S.C. §§2000cc-2 (a) and 2000cc-5 (4)(A)(i)(ii)(iii), and Fed.R.Civ.P. 20 (a)(2)(A).

## TYPE OF TRIAL

3. Pursuant to Fed.R.Civ.P. 38, plaintiff hereby demand a trial by jury of this civil rights action.

## PARTIES

4. DANA GIBSON ("Gibson") a transgender prisoner is the pro se plaintiff in this civil rights action. Plaintiff Gibson's current address is Auburn Correctional Facility ("Auburn C.F."), 135 State Street, P.O. Box 618, Auburn, New York 13024-0618.

5. NICOLE A. HEARY ("Heary") a Commissioner's Hearing Officer ("CHO") of the New York State Department of Corrections and Community Supervision ("DOCCS") is the lead defendant in this civil rights action. Defendant Heary's current address is The Law Office of Nicole A. Heary, P.O. Box 445, Clarence Center, New York 14032-0445.

6. The following are additional defendants' to this civil rights action:

a. ROBERT D. SIGLIN ("Siglin") a Commissioner's Hearing Officer ("CHO") of DOCCS. Defendant Siglin's current address is The Siglin Law Office, 100 N. Main Street, Elmira, New York 14901-2901

b. C.K. WILKINS ("Wilkins") Senior Offender Rehabilitation Coordinator ("SORC") of Wende Correctional Facility ("Wende C.F."). Defendant Wilkins' current address is Wende C.F., 3040 Wende Road, P.O. Box 1187, Alden, New York 14004-1187.

c. A. RODRIGUEZ ("Rodriguez") Assistant Director of Inmate Disciplinary Program/Special Housing of DOCCS. Defendant Rodriguez's current address is DOCCS, 1220 Washington Avenue, Albany, New York 12226-2050.

d. Correction Officer ("CO.") T.X. GETER ("Geter"), CO. BRENDA ZELKO ("Zelko"), CO. C. FISCUS ("Fiscus"), CO. R.W. DELGIORNO ("Delgiorno"), CO. J. WEST ("West"), CO. JOHN DOE-1 ("John Doe-1") and CO. JOHN DOE-2 ("John Doe-2") all are currently located at Elmira Correctional Facility ("Elmira C.F."), 1879 Davis Street, P.O. Box 500, Elmira, New York 14902-0500.

e. P.T. PICCOLO ("Piccolo") Deputy Superintendent for Security ("DSS") of Elmira C.F. Defendant Piccolo's current address is 1879 Davis Street, P.O. Box 500, Elmira, New York 14902-0500.

f. Correction Sergeant ("Sgt." or "SGT.") M. CLARK ("Clark") and SGT. A. GIWAOSAGIE ("Giwaosagie") both are currently located at Elmira C.F., 1879 Davis Street, P.O. Box 500, Elmira, New York 14902-0500.

g. T. HAWK ("Hawk") Coordinating Chaplain of Elmira C.F. Defendant Hawk's current address is Elmira C.F., 1879 Davis Street, P.O. Box 500, Elmira, New York 14905-0500.

h. BRYAN BASHAW ("Bashaw") Coordinating Chaplain of Upstate Correctional Facility ("Upstate C.F."). Defendant Bashaw's current address is Upstate C.F., 309 Bare Hill Road, P.O. Box 2001, Malone, New York 12953-2001.

i. NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION ("DOCCS"). Defendant DOCCS is currently located at 1220 Washington Avenue, Albany, New York 12226-2050.

## CAPACITIES

7. Plaintiff commence this civil rights action against defendants' Heary, Siglin, Wilkins, Geter, Rodriguez, Zelko, Fiscus, Delgiorno, West, Clark, John Doe-1, John Doe-2, Piccolo, Giwaosagie, Hawk, and Bashaw in their individual capacities for violations of the United States Constitution which seeks compensatory damages, punitive damages, and declaratory judgment.

8. Plaintiff also commence this civil rights action against defendants' Bashaw, Hawk, Delgiorno, Clark and Giwaosagie in their individual capacities for violation of RLUIPA, 42 U.S.C. §2000cc-1 et seq., for which seeks declaratory judgment and a mandatory and prohibitory injunction.

9. Lastly, plaintiff commence this civil rights action against defendant's DOCCS, Bashaw, Hawk, Delgiorno, Clark and Giwaosagie in their official capacities for violation of RLUIPA, 42 U.S.C. §2000cc-1 et seq., for which seeks declaratory judgment and a mandatory and prohibitory injunction.

## IMPORTANT NOTICE

10. While this civil rights action assert, inter alia, United States Constitution procedural and substantive due process violations which occurred in the content and context of prison inmate disciplinary hearings

and procedures, it is important that notice be given that plaintiff is currently serving a prison term sentence with the maximum term of life imprisonment and thus is ineligible for good-time credit under the charters of New York State law. Accordingly, a favorable result of plaintiff's due process claims herein would not implicate or affect the overall length of plaintiff's prison term sentence. Plaintiff hereby agree to abandon forever any and all claims she have, had, or may have in the future with respect to any sanction that affect the length of her imprisonment (e.g., loss of good-time credit).

## STATEMENT OF CLAIM

11. Pursuant to Fed.R.Civ.P. 8 (a)(2), plaintiff hereby commence this civil rights action based upon the following causes of action:

## FIRST CAUSE OF ACTION

12. Plaintiff herein claim in the content and context of two (2) separate prison inmate disciplinary hearing proceedings her Fourteenth Amendment right to the United States Constitution under the procedural and substantive due process clause was violated do to the egregious, outrageous, negligence, callous indifference, carelessness, and recklessness of defendant's Heary and Wilkins.

## First Disciplinary Hearing Proceeding:

13. On or about Monday, July 13, 2015 at approximately 8:10am., while imprisoned in the general population of Wende C.F. plaintiff was served with an Inmate Misbehavior Report (hereinafter "IMR") dated Thursday, July 2, 2015 by CO. P. Griffin ( hereinafter "CO. Griffin" or "Griffin") as the author. CO. Griffin alleged in such IMR that plaintiff while in the confines of Wende C.F. "D" - Block, "20" - Company, "03" - Cell (hereinafter "D-20-03") inmate housing area and the Wende C.F. "D" - Block General Population Recreation Yard violated numerous DOCCS rules which included refusing a direct order, creating a disturbance, making threats, and destruction of state property.

14. Plaintiff marshaled the alleged facts of misconduct alleged in the confines of the Wende C.F. "D" - Block General Population Recreation Yard and

the D-20-03 inmate housing area as purported in the TMR of CO. Griffin in preparing and presenting a defense to the alleged DOCCS rule violations at any subsequent prison inmate disciplinary hearing proceeding. On or about Wednesday, July 15, 2015 at approximately 1:09pm., plaintiff, while still imprisoned within Wende C.F. was summoned to appear at a prison inmate disciplinary hearing proceeding before defendant Heary as the presiding Hearing Officer whereabout plaintiff was formally charged with violating numerous DOCCS rules alleged in the TMR of CO. Griffin. Upon being read the alleged DOCCS rule violations plaintiff entered a plea of not guilty to all alleged DOCCS rules purportedly violated.

15. Shortly thereafter, CO. Griffin in the content of the instant prison inmate disciplinary hearing proceeding provided witness testimony that contravened the content of her TMR. Specifically, CO. Griffin testified that the plaintiff was not present in the confines of the D-20-03 inmate housing area of Wende C.F., the alleged location of the purported misconduct in the TMR on and at the date and approximate time of the alleged misconduct. As a matter of relevant facts, CO. Griffin openly admitted the purported relevant information in the TMR, namely the alleged misconduct location reported in the TMR was erroneous as she (CO. Griffin), meant to report while in the confines of the "D" - Block, "20" - Company, "02" - Cell (hereinafter "D-20-02") inmate housing area of Wende C.F. plaintiff allegedly destroyed the Cell-Light Fixture. As such, plaintiff was deprived of adequate advance notice of the alleged charged DOCCS rule violations based upon CO. Griffin's admitted errors in the TMR. Because of these errors plaintiff was not able to properly prepare an adequate defense to the alleged DOCCS rule violations as the notice of the charges is seen as being constitutionally-deficient as plaintiff based upon the TMR of CO. Griffin prepared a defense to the alleged DOCCS rule violations stemming from an act of alleged misconduct in the D-20-03 inmate housing area of Wende C.F. as purported by CO. Griffin. Moreover, when asked to produce the Evidence Log of the Cell-Light Fixture allegedly destroyed by plaintiff and placed into evidence by CO. Griffin, CO. Griffin alleged and purported that plaintiff destroyed the Cell-Light Fixture in the confines of the "D" - Block, "28" - Company, "02" - Cell (hereinafter "D-28-02") inmate housing area of Wende C.F. [the D-28-02 inmate housing area is a location that do not exist within the Wende C.F.].

16. Further, CO. Griffin testified that while in the Wende C.F. "D" - Block

General Population Recreation Yard, Wende C.F. Deputy Superintendent for Security (DSS.), Kevin Brown (hereinafter "DSS. Brown" or "Brown"), gave plaintiff a direct order to which she refused to obey as purported in her IMR. CO. Griffin's testimony was contravened by the hearing witness testimony of DSS. Brown who testified on plaintiff's behalf that he did not give plaintiff any form of a direct order on the date and approximate time denoted in CO. Griffin's instant IMR.

17. On or about Wednesday, July 29, 2015 at approximately 10:56am., defendant Heary rendered a disposition in the instant prison inmate disciplinary hearing proceeding finding plaintiff guilty of all the purported DOCCS rule violations. Defendant Heary rendered such disposition of guilt based upon the witness testimony of CO. Griffin and DSS. Brown along with the July 2, 2015 IMR of CO. Griffin. As such, defendant Heary imposed on plaintiff the penalties of One-Hundred and Five (105) days confinement in solitary confinement and corresponding loss of privileges (i.e., Commissary, Packages, Phones, and Personal Television). On or about Wednesday, July 29, 2015 plaintiff commenced an administrative appeal of defendant Heary's disposition. In such administrative appeal plaintiff raised the following hearing deficiencies: (1) deprivation of adequate notice of the charges; (2) defendant Heary's disposition of guilt was not based upon reliable evidence of guilt; and (3) defendant Heary deprived plaintiff of a fair and impartial hearing. On or about Tuesday, September 22, 2015 plaintiff's administrative appeal was denied without reason, accordingly, plaintiff was forced to serve a total of Seventy-Five (75) days from July 2, 2015 to September 15, 2015 in solitary confinement of the One-Hundred and Five (105) days solitary confinement penalties imposed by defendant Heary. **In serving such Seventy-Five (75) days in solitary confinement plaintiff suffered a number of unlawfully harsh atypical and significant hardship forms of treatment in solitary confinement including but not limited to [1] deprivation of law library services; [2] deprivation of exercise, and more.**

18. Based upon the facts stated plaintiff was deprived of the following procedural due process by defendant Heary: (1) constitutionally-deficient advance notice of the DOCCS rule violations charged.

## Second Disciplinary Hearing Proceeding:

19. On or about Wednesday, December 9, 2015 at approximately 8:15am.,

while imprisoned in the solitary confinement unit of Wende C.F. plaintiff was served with an IMR dated Tuesday, December 8, 2015 by CO. R.J. Tanguay (hereinafter "CO. Tanguay") as the author. CO. Tanguay allege in such IMR that plaintiff while in the solitary confinement housing unit of Wende C.F. violated numerous DOCCS rules which included refusing urinalysis testing and refusing a direct order.

20. On or about Thursday, December 17, 2015 at approximately 2:15pm., while still imprisoned in the solitary confinement housing unit of Wende C.F. Plaintiff was summoned to appear at a prison inmate disciplinary hearing proceeding before defendant Wilkins as the presiding Hearing Officer. Shortly thereafter, defendant Wilkins outside of plaintiff's presence, rendered a disposition in the instant prison inmate disciplinary hearing proceeding finding plaintiff guilty of all alleged DOCCS rule violations purported in the IMR of CO. Tanguay **without** providing plaintiff with a written statement of evidence relied upon and the reason for the disposition. Defendant Wilkins imposed upon plaintiff the penalties of One-Hundred and Eighty (180) days confinement in solitary confinement with corresponding loss of privileges (i.e., Recreation, Packages, Phones, and Commissary).

21. On or about Tuesday, December 22, 2015 plaintiff commenced an administrative appeal of defendant Wilkins' disposition of guilt. In such administrative appeal plaintiff raised the following hearing deficiency: (1) deprivation of a written statement of the evidence relied upon and the reason for the disposition of guilt. On or about Thursday, January 28, 2016 plaintiff's administrative appeal was granted without reason and the penalties imposed was modified from One-Hundred and Eighty (180) days in solitary confinement to Sixty (60) days in solitary confinement with corresponding loss of privileges (i.e., Recreation, Packages, Phones, and Commissary) without reason, accordingly, plaintiff was forced to serve the entire Sixty (60) days in solitary confinement from December 17, 2015 to February 15, 2016. **In serving such Sixty (60) days in solitary confinement plaintiff suffered a number of unlawfully harsh atypical and significant hardship forms of treatment in solitary confinement including but not limited to [1] unlawful restraint and Cell-Shield orders; [2] unlawful confinement, and more.**

Based upon the facts stated defendant Wilkins deprived plaintiff of the following procedural due process: (1) a written statement of the evidence relied upon and the reason(s) for the disposition of guilt.

## SECOND CAUSE OF ACTION

22. Plaintiff herein claim in the content and context of excessive physical force her Eighth Amendment right to the United States Constitution under the cruel and unusual punishment was violated as was her Fourteenth Amendment right to the United States Constitution under the equal protection clause was violated do to the carelessness, recklessness, negligence, gross negligence, and failure to protect of defendants' Zelko, Geter, Fiscus, John Doe-1, and John Doe-2.

23. On or about Friday, June 3, 2016 at approximately 10:00pm., while imprisoned in the general population "I" - Block, "1" - Company, "17" - Cell (hereinafter "I-1-17") inmate housing area of Elmira C.F. plaintiff was sitting on her cell bed when without cause defendants' Zelko and Geter entered the I-1-17 inmate housing area, at such time defendant Zelko stated to plaintiff "I hate you transgender fake ass women ... your a fucking kike man and we are going to beat your ass like the kike man that you are - fag." With a closed gloved fist without provocation defendants' Zelko and Geter proceeded to punch plaintiff about her head and upper body areas while repeatedly stating "take that you fucken fag kike."

24. After approximately Five (5) minutes of punching plaintiff, defendants' Zelko and Geter proceeded to forcefully drag plaintiff out of the I-1-17 inmate housing area onto the "I" - Block, "1" - Company (hereinafter "I-1 Company") where plaintiff was face down on the floor in a defenseless position as defendants' Zelko, Fiscus, Geter, John Doe-1 and John Doe-2 proceeded to kick and punch plaintiff about her head, upper and lower body while chanting repeatedly "take that you kike fag ... your a man motherfucka." After approximately fifteen (15) minutes of kicking and punching the plaintiff, defendants' Zelko, Geter, Fiscus, John Doe-1 and John Doe-2 stopped their physical attack on plaintiff. Subsequently, do to the actions of defendants' Zelko, Geter, Fiscus, John Doe-1 and John Doe-2 plaintiff sustained permanent physical and emotional injuries.

## THIRD CAUSE OF ACTION

25. Plaintiff herein claim in the content and context of unlawful restraint orders and cell-shield orders her Fourteenth Amendment right to the United States Constitution under the procedure and substantive due process

clause was violated do to the egregious, outrageous, recklessness, callous indifference and arbitrary actions of defendant Piccolo.

26. On or about Saturday, June 18, 2016 to Monday, August 29, 2016, while plaintiff was imprisoned in the solitary confinement inmate housing area of Elmira C.F. defendant Piccolo without providing required notice to plaintiff issued a written order placing plaintiff under a physical restraint orders.• Also on or about Wednesday, June 22, 2016 to Thursday, August 18, 2016, while plaintiff was still imprisoned in the solitary confinement inmate housing area of Elmira C.F. defendant Piccolo again without providing plaintiff with required notice issued written orders placing plaintiff under a cell-shield order.••

27. On or about Friday, July 8, 2016 at approximately 11:20am., while still imprisoned in the solitary confinement inmate housing area of Elmira C.F. plaintiff in person attempted to advise defendant Piccolo the she is being subjected to both physical restraint orders and cell-shield orders without being afforded the required fair notice. To this defendant Piccolo responded by stating to plaintiff "... I can do what I want to do and I am not going to stand here and let you or anyone tell me what to do. Yes, I was required to send you a notice of my orders, I didn't so what sue me I hear your good at that." Accordingly, plaintiff was subjected to having to wear physical restraints for a total of approximately Seventy-Three (73) days without required notice. Also plaintiff was subjected to a cell-shield for a total of approximately Fifty-Eight (58) days without the required notice. Defendant Piccolo's actions of placing plaintiff on both an indefinite physical restraint order and shield order without required notice subjected plaintiff to the atypical and significant hardships of [1] physical brusing to plaintiff's wrists and ankles, [2] deprivation of adequate air ventilation, and more.

28. Based upon the facts stated herein defendant Piccolo deprived plaintiff of the following due process: (1) fair notice of both the

---

• The physical restraint orders required prison staff to secure plaintiff in handcuffs attached to a waist chain with leg irons (i.e., ankle shackles) anytime she is removed from her assigned cell location for any reason.

•• The cell-shield order required prison staff to place a transparent plexiglas covering over the cell front of plaintiff's assigned cell that restrict the free flow of adequate air ventilation.

restraint orders and the shield orders subjecting plaintiff egregiously and outrageously to arbitrary actions.

## FOURTH CAUSE OF ACTION

29. Plaintiff herein claim in the content and context of two (2) separate prison inmate disciplinary hearing proceedings her Fourteenth Amendment right to the United States Constitution under the procedural and substantive due process clause was violated do to the egregious, outrageous, negligence, gross negligence, callous indifference, carelessness and recklessness of defendants' West, Siglin, Piccolo and Rodriguez. Also plaintiff herein claim in the content and context of serving the grossly disproportionate serve prison disciplinary penalties which wantonly inflicted pain upon her, her Eighth Amendment right to the United States Constitution under the cruel and unusual punishment clause was violated do the the recklessness, carelessness, negligence, gross negligence, callous indifference and deliberate indifference of defendants' West, Siglin, Piccolo and Rodriguez. Lastly, plaintiff herein claim in the content and context of serving the prison inmate disciplinary penalties imposed her First Amendment right to the United States Constitution under the free exercise clause, and the RLUIPA, 42 U.S.C. §2000cc-1 et seq., were violated do to the imposition of a substantial burden and interference with the religious exercise of the plaintiff by defendant Bashaw and DOCCS.

### First Disciplinary Hearing Proceeding:

30. On or about Wednesday, June 22, 2016 at approximately 8:30am., while imprisoned in the solitary confinement inmate housing area [i.e., the Special Housing Unit (SHU)] of Elmira C.F. plaintiff was served with an IMR dated Friday, June 17, 2016 by Correction Sergeant (hereinafter "Sgt.") A.J. Corrigan (hereinafter "Sgt. Corrigan" or "Corrigan") as the author. Sgt. Corrigan allege in such IMR that plaintiff while in the confines of the SHU Strip-Frisk Room of Elmira C.F. violated numerous DOCCS rules which included refusing a direct order, violent conduct, assault on staff and refusing a strip frisk.

31. On or about Thursday, July 7, 2016 at approximately 10:00am., while still imprisoned in solitary confinement inmate housing area of Elmira C.F.

plaintiff was summoned to appear at a prison inmate disciplinary hearing proceeding before defendant Piccolo as the presiding Hearing Officer. Upon appearing plaintiff was formally charged with violating numerous DOCCS rules which included refusing a direct order, violent conduct, assault on staff and refusing a strip frisk as purported in the IMR of Sgt. Corrigan. Upon being read the alleged DOCCS rule violations plaintiff entered a plea of not guilty to the alleged DOCCS rule of refusing a strip frisk and plead guilty to the remaining alleged DOCCS rule violations purported in the IMR of Sgt. Corrigan.

32. During the instant prison inmate disciplinary hearing proceeding before defendant Piccolo plaintiff asserted as a defense that she was not guilty of refusing a strip frisk as (1) the body of the IMR did not allege that plaintiff was ever ordered to submit to any form of a lawful strip frisk, and (2) any assertion that she [the plaintiff] was ordered to submit to any form of a lawful strip frisk would have been in violation of applicable DOCCS rules and regulations [i.e., §IV (D)(2) of DOCCS Directive No. 4910, which prohibit the strip frisk of SHU prisoners' upon returning to SHU from activities within the facility]. Upon noting plaintiff's defenses defendant Piccolo adjourned the instant prison inmate disciplinary hearing proceeding. On or about Friday, July 8, 2016 at approximately 11:20am., defendant Piccolo reconvened the instant prison inmate disciplinary hearing proceeding to render a formal disposition in such prison inmate disciplinary hearing proceeding finding plaintiff guilty of violating the DOCCS rule of refusing a strip frisk as purported in the IMR of Sgt. Corrigan.

33. In finding plaintiff guilty defendant Piccolo rendered his disposition of guilt based upon an unspecific outside of the hearing record report of Sgt. Corrigan. Accordingly, defendant Piccolo imposed on plaintiff the penalties of Five-Hundred and Forty (540) days confinement in solitary confinement and corresponding loss of privileges (i.e., Commissary, Packages and Phones). On or about Saturday, July 9, 2016, plaintiff commenced an administrative appeal of defendant Piccolo's disposition of guilt, in such administrative appeal plaintiff raised the following hearing deficiency: (1) the disposition of guilt to the DOCCS rule of refusing a strip frisk was not based upon any form of reliable evidence of guilt. On or about Wednesday, September 7, 2016, after proactively participating in the review of plaintiff's administrative

appeal without cause(s) and/or reason(s) defendant Rodriguez denied plaintiff's admistrative appeal. On or about Monday, September 19, 2016, plaintiff sought a reconsideration of defendant Rodriguez's instant decision to deny plaintiff's administrative appeal asserting [1] the penalties imposed by defendant Piccolo and affirmed by defendant Rodriguez was grossly disproportionate; and [2] the long-term effects of her [plaintiff's] confinement in solitary confinement imposes a sufficiently serious risk of harm to her [plaintiff's] psychological health state. On or about Thursday, September 22, 2016, plaintiff's reconsideration request was granted and in defendant Rodriguez's decision being vacated the disciplinary penalties imposed upon plaintiff by defendant Piccolo was administratively modified to Two-Hundred and Seventy-Five (275) days confinment in solitary confinement with a corresponding loss of privileges (i.e., Commissary, Packages and Phones). Accordingly, plaintiff was forced to serve a total of One-Hundred and Twenty (120) days from June 17, 2016 to March 19, 2017 in solitary confinement of the Two-Hundred and Seventy-Five (275) days solitary confinement penalties imposed by defendants' Piccolo and Rodriguez.   **In serving such One-Hundred and Twenty (120) days in solitary confinement plaintiff suffered a number of unlawfully harsh atypical and significant hardship forms of treatment in solitary confinement including but not limited to [1] deprivation of religious freedoms; [2] deprivation of adequate medical and dental treatment; [3] deprivation of adequate nutritional food servings, and more.**

34. Based upon the facts stated defendants' Piccolo and Rodriguez deprived plaintiff of the following procedural due process: (1) a disposition of guilt based upon reliable evidence of guilt. Also the penalties imposed upon the plaintiff by defendants' Piccolo and Rodriguez subjected plaintiff to cruel and unusual punishment as (1) the penalties imposed was grossly disproportionate as plaintiff was subjected, without just cause or reason, to an atypical and significant hardship, and (2) plaintiff's long-term confinement in solitary confinement as imposed by defendants' Piccolo and Rodriguez subjected plaintiff to a sufficient risk of harm to her physical and psychological health states.

35. In serving the solitary confinement penalty imposed upon plaintiff by defendants' Piccolo and Rodriguez, on or about Sunday, December 25, 2016 to Sunday, January 1, 2017, while imprisoned in the solitary confinement inmate housing area of Upstate C.F. plaintiff, a Jewish prisoner, was

deprived of the required religious amenities and religious materials (i.e., a Hanukiyah or Menorah and Jewish dietary foods), required to observe the Jewish holy days of Hanukkah-Chanukah (Chanukah Feast of dedication; Festival of Lights) by defendants' DOCCS and Bashaw.

36. Specifically, based solely upon plaintiff's confinement in solitary confinement defendants' DOCCS and Bashaw on all relevant dates, supra, promulgated and took the position to enforce an asserted unwritten and unpublished regulation prohibiting plaintiff, while serving the solitary confinement penalty imposed by defendants' Piccolo and Rodriguez from having a Hanukiyah or Menorah to observe the Jewish holy days of Hanukkah. Moreover, such regulation and its enforcement by defendants' DOCCS and Bashaw also prohibited plaintiff while serving the solitary confinement penalty imposed by defendants' Piccolo and Rodriguez from receiving and consuming the same Kosher Jewish dietary foods being served to general population Jewish prisoners' being confined at Upstate C.F. for the Jewish Chanukah Feast of dedication. Defendants' DOCCS and Bashaw's actions herein stated placed a substantial burden on plaintiff's religious exercise of Judaism and the tenants of the Jewish religion and deprived plaintiff of the required opportunity to observe the Jewish holy days of Hanukkah-Chanukah.

## Second Disciplinary Hearing Proceeding:

37. On or about Wednesday, June 22, 2016 at approximately 8:30am., while imprisoned in the solitary confinement, SHU, inmate housing area of Elmira C.F. plaintiff was served with two (2) separate Inmate Misbehavior Reports (hereinafter "IMR's") dated Friday, June 3, 2016 by CO. Geter and Sgt. J.D. Isaacs (hereinafer "Sgt. Isaacs" or "Isaacs") as the respective authors. CO. Geter and Sgt. Isaacs allege in such IMR's that plaintiff while in the confines of the I-1-17 inmate housing area of Elmira C.F. and the SHU Admission Room of Elmira C.F. violated numerous DOCCS rules which included refusing a direct order, violent conduct, assault on staff, movement regulation violation and refusing a strip frisk. On or about June, 2016 while imprisoned in the solitary confinement, SHU, inmate housing area of Elmira C.F. plaintiff was assigned the pre-hearing employee assistance of defendant West in connection with the IMR's of CO. Geter and Sgt. Isaacs. Accordingly, in an attempt to obtain relevant information and documentary

evidence needed to marshal the facts of the alleged incidents of misconduct plaintiff requested that defendant West obtain and provide her with Parts "A", "B", "C", "D" and "E" of the Use of Force Report (hereinafter "UOF Report"), all To-and-From Memorandums filed regarding the purported incidents of misconduct, the preliminary and final Unusual Incident Reports (hereinafter "U.I. Report") and the Employee Accident and Injury Reports. Also plaintiff requested that defendant West interview as a witness Elmira C.F. Medical Doctor (hereinafter "MD." or "Dr."), P. Braselmann (hereinafter "MD. Braselmann" or "Dr. Braselmann" or "Braselmann").

38. On or about June, 2016 without just cause and/or reason defendant West refused to interview Dr. Braselmann only stating "No". Also defendant West without just cause and/or reason refused to obtain and provide plaintiff with any of the documentary evidence requested only stating "[g]et them from the Hearing Officer during the hearing." On or about Thursday, June 30, 2016 at approximately 9:55am., while still imprisoned in the solitary confinement inmate housing area of Elmira C.F. plaintiff was summoned to appear at a prison inmate disciplinary hearing proceeding before defendant Siglin as the presiding Hearing Officer whereabout plaintiff was formally charged with violating DOCCS rules purported in the IMR's of CO. Geter and Sgt. Isaacs to which plaintiff entered a plea of not guilty to all the alleged DOCCS rule violations. Plaintiff thereafter proceeded to object to the instant prison inmate disciplinary hearing proceeding in its entirety based upon the lack of pre-hearing employee assistance she was afforded by defendant West. To such defendant Siglin noted plaintiff's objection and forced plaintiff to proceed with the instant prison inmate disciplinary hearing proceeding ill-prepared and unable for such reason to present a defense, the instant prison inmate disciplinary hearing proceeding was adjourned.

39. On or about Friday, July 8, 2016 at approximately 10:00am., defendant Siglin reconvened the instant prison inmate disciplinary hearing proceeding. Defendant Siglin rendered a disposition finding plaintiff guilty of all DOCCS rule violations purported by CO. Geter and Sgt. Isaacs. Defendant Siglin rendered such disposition of guilt based upon the IMR's of CO. Geter and Sgt. Isaacs, an unspecific outside of the hearing record UOF Report and U.I. Report, and an unrelated photograph of CO. Fiscus' arm. Accordingly, defendant Siglin imposed upon plaintiff the penalties of Five-Hundred and Forty-Five (545) days confinement in solitary confinement

and corresponding loss of privileges (i.e., Commissary, Packages and Phones). On or about Tuesday, July 12, 2016 plaintiff commenced an administrative appeal of defendant Siglin's disposition of guilt.

40. In such administrative appeal plaintiff raised the following hearing deficiencies: (1) the disposition of guilt was not based upon reliable evidence of guilt; (2) deprivation of adequate pre-hearing employee assistance; and (3) deprivation of a fair and impartial hearing and hearing officer. Also on or about Thursday, September 8, 2016 on behalf of plaintiff the Prisoners' Legal Services (PLS) of New York commenced and submitted an administrative supplemental appeal raising the following hearing deficiencies: (1) the penalties imposed by defendant Siglin was grossly disproportionate; and (2) the long-term effect of plaintiff's confinement in solitary confinement imposes a sufficiently serious risk of harm to plaintiff's physical and psychological health states. On or about Monday, September 12, 2016 plaintiff administrative appeal and the submitted administrative supplemental appeal was granted without reason and the penalties imposed were modified to One-Hundred and Eighty-Five (185) days confinement in solitary confinement and corresponding loss of privileges (i.e., Commissary, Packages and Phones). Accordingly, plaintiff was forced to serve a total of One-Hundred and Twenty-Three (123) days in solitary confinement from on or about March 19, 2017 to July 17, 2017. **In serving such One-Hundred and Twenty-Three (123) days in solitary confinement plaintiff suffered a number of unlawfully harsh atypical and significant hardship treatment in solitary confinement including but not limited to [1] deprivation of dental health care; [2] deprivation of religious freedoms; [3] deprivation of adequate nutritional food servings, and more.**

41. Based upon the facts stated defendants' Siglin and West deprived plaintiff of the following due process: (1) deprivation of pre-hearing employee assistance by defendant West; and (2) deprivation of a disposition of guilt based upon reliable evidence of guilt by defendant Siglin. Also the penalties of solitary confinement imposed upon plaintiff by defendant Siglin subjected plaintiff to cruel and unusual punishment as (1) the penalties imposed were grossly disproportionate as plaintiff was subjected to atypical and significant hardship; and (2) plaintiff's long-term confinement in solitary confinement as imposed by defendant Siglin subjected plaintiff to a sufficiently serious risk of harm to her physical

and psychological health states.

## FIFTH CAUSE OF ACTION

42. Plaintiff herein claim in the content and context of religious practice her First Amendment right to the United States Constitution under the free exercise clause, and the RLUIPA of 42 U.S.C. §2000cc-1 et seq., were violated do to implementation of a substantial burden on her religious exercises by defendants' Clark, Hawk, Giwaosagie and Delgiorno.

43. On or about Tuesday, July 19, 2016, while imprisoned in the solitary confinement inmate housing area of Elmira C.F. plaintiff, a Jewish prisoner, was informed by defendant Clark that defendant Hawk advised him that since plaintiff was being confined in the solitary confinement, SHU, inmate housing area she would not be afforded the required religious amenities and religious materials (i.e., four (4) Matzos and eight (8) ounces (hereinafter "8oz.") of grape juice), required to observe the Jewish holy days of Shabbat [also known as the "Sabbath"]. On or about Friday and Saturday, July 22-23, 2016, and Friday, July 29, 2016, defendant Clark based upon the urgency and advisement of defendant Hawk refused to provide plaintiff with the required religious amenities and religious materials, supra, to observe Shabbat and perform the required Jewish tefilah [prayer] and blessings. Defendants' Clark and Hawk's actions of depriving plaintiff of the required religious amenities and religious materials, supra, based solely on plaintiff's place of confinement within the Elmira C.F. placed a substantial burden on plaintiff's religious exercise of Judaism and the tenants of the Jewish religion and deprived plaintiff of the required opportunity to observe the Jewish holy days of Shabbat.

44. On or about Saturday, July 30, 2016 while plaintiff was still imprisoned in the solitary confinement, SHU, inmate housing area of Elmira C.F. defendants' Giwaosagie and Delgiorno without just cause and/or reason refused to afford plaintiff with the required religious amenities and religious materials (i.e., Four (4) Matzos and 8oz. of grape juice), required to observe the Jewish holy days of Shabbat needed to perform Shabbat prayers and blessings. Defendants' Giwaosagie and Delgiorno's actions of depriving plaintiff of the required religious amenities and religious materials, supra, without just cause and/or reason placed a substantial burden on plaintiff's religious exercise of Judaism and the

tenants of the Jewish religion and deprived plaintiff of the required opportunity to observe the Jewish holy days of Shabbat.

## PRAYER FOR RELIEF

45. Pursuant to Fed.R.Civ.P. 8 (a)(2), and 42 U.S.C. §1997(e) and based upon the foregoing actions of the aforementioned defendants' the plaintiff seek the relief of:

a.) One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages from defendants' Heary and Wilkins each individually for their actions in violating the United States Constitution claimed in the First Cause of Action. Also plaintiff seek declaratory judgment.

b.) One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages from defendants' Zelko, Geter, Fiscus, John Doe-1 and John Doe-2 each individually for their actions in violating the United States Constitution claimed in the Second Cause of Action.

c.) One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars from defenadnts' Piccolo, Rodriguez, West, Siglin and Bashaw for their actions in violating the United States Constitution claimed in the Third Cause of Action. Also plaintiff seek declaratory judgment and a mandatory and prohibitory injunction for defendants' DOCCS and Bashaw's violation of the RLUIPA of 42 U.S.C. §2000cc-1 et seq., claimed in the Third Cause of Action.

d.) Ten Dollars ($10.00) in nominal damages and One Million Dollars ($1,000,000.00) in punitive damages from defendant Piccolo for his actions in violating the United States Constitution claimed in the Fourth Cause of Action. Also plaintiff seek declaratory judgment.

e.) One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages from defendants' Clark, Hawk, Giwaosagie and Delgiorno each individually for their actions in violating the United States Constitution claimed in the Fifth Cause of Action. Also plaintiff seek declaratory judgment and a mandatory and prohibitory injunction for defendants' Clark, Hawk, Giwaosagie and Delgiorno's violation of RLUIPA of 42 U.S.C. §2000cc-1 et seq., claimed in

the Fifth Cause of Action.

    f.) Reasonable attorney fees, pursuant to 42 U.S.C. §1988,

    g.) The cost of this action,

    h.) and such other and further relief as may be just and proper.


Dated: September 24, 2017
       Auburn, New York



                              Respectfully Submitted

                              *Dana Gibson*

                              DANA GIBSON
                              # 05-A-3824
                              AUBURN CORRECTIONAL FACILITY
                              135 STATE STREET, P.O. BOX 618
                              AUBURN, NEW YORK 13024-0618

DANA GIBSON
# 05-A-3824
AUBURN CORRECTIONAL FACILITY
135 STATE STREET, P.O. BOX 618
AUBURN, NEW YORK 13024-0618

Mary C. Loewenguth                                   September 24, 2017
Clerk of the Court
**Court Clerk's Office**
United States District Court
Western District of New York
2 Niagara Square
Buffalo, N.Y. 14202-3350

Re: Gibson V. Heary, et al.
17-CV-00272-WMS

Dear Mrs. Loewenguth:

Respectfully, as I am the pro se plaintiff in the above-captioned civil rights action, I hereby commence this letter request to have the attached First Amended Civil Rights Complaint filed in the above-captioned action in accord with the August 24, 2017 Decision and Order of U.S. District Judge, William M. Skretny.

Mrs. Loewenguth, please forward such attached pleading to Justice Skretny for consideration and order.

Thank you for your time and indulgence in this matter.

Respectfully Submitted,

DANA GIBSON

Attachment **

**AUBURN CORRECTIONAL FACILITY**
P.O. BOX 618
AUBURN, NEW YORK  13024

NAME: DANA GIBSON    DIN: 05A3824

USDC - WDNY
SEP 2 1 2017
LEGAL MAIL



AUBURN CORRECTIONAL FACILITY



U.S. POSTAGE PITNEY BOWES

ZIP 13021   $ 001.09⁰
02 1W
0001387039 SEP. 19 2017

To: Mary C. Loewenguth
    Clerk of the Court
    Court Clerk's Office
    United States District Court
    Western District of New York
    2 Niagara Square
    Buffalo, New York 14202-3350

142023350 C030