UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANA GIBSON,

       Plaintiff,

                                                    ORDER
    -v-                                       17-CV-272S

NICOLE HEARY, et al.,

       Defendant.

_____

       1.    *Pro se* Plaintiff Dana Gibson ("Plaintiff"), an inmate currently confined at the Five Points Correctional Facility, has filed this action seeking relief pursuant to 42 U.S.C. § 1983 based on alleged violations of her constitutional rights while confined at the Wende and Elmira Correctional Facilities. On March 8, 2018, this Court dismissed certain of Plaintiff's claims with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Docket No. 11.) Presently before this Court is Plaintiff's Motion for Partial Reconsideration of that Order. (Docket No. 23.)

       2.    Although the basis for this Motion is somewhat unclear, this Court construes it as a motion for reconsideration under Fed. R. Civ. P. 54(b). Rule 54(b) provides that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

"A district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment . . . ." *United States v. LoRusso*, 695 F.2d 45, 53 (2d Cir. 1982) (citing *United States v. Jerry*, 487 F.2d 600, 604 (3d Cir. 1973) ("the power to grant relief from erroneous interlocutory orders, exercised in justice and good conscience, has

1

long been recognized as within the plenary power of courts until entry of final judgment and is not inconsistent with any of the Rules").

3. A litigant seeking reconsideration under Rule 54(b) must set forth "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Richard v. Dignean*, 126 F. Supp. 3d 334, 337 (W.D.N.Y. 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Micolo v. Fuller*, No. 6:15-CV-06374 EAW, 2017 WL 2297026, at *2 (W.D.N.Y. May 25, 2017) ("To merit reconsideration under Rule 54(b), a party must show 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'") (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

4. Here, the Amended Complaint alleged that, during a disciplinary hearing held by Defendant Heary on July 15, 2015, Plaintiff was deprived of adequate notice of the charges filed against her and was unable to adequately prepare a defense. This Court found that Plaintiff had alleged minor discrepancies in Defendant Griffin's July 15, 2015 hearing testimony concerning the location of the incident at issue (Docket No. 11), but that such errors did not "represent a failure of specificity that would impair [Plaintiff's] ability to prepare [her] defense" or render notice of the charges "constitutionally deficient." *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999). Therefore, the claim against Defendant Heary was dismissed.

5. In Plaintiff's Motion for Reconsideration, she reiterates her argument that she was deprived of proper notice of the charges against her with respect to the July 2015

hearing. Plaintiff argues that although the misbehavior report ("MR") stated that the charged incident occurred in the D-2D-D3 inmate housing area, Defendant Griffin later testified that the incident occurred in the D-2D-D2 inmate housing area. This Court has twice considered and rejected Plaintiff's contention that the discrepancy between the MR and Griffin's testimony constituted constitutionally-deficient notice of the charges asserted against her. (Docket Nos. 5 and 11.) Because Plaintiff has failed to raise new evidence or arguments to support her request for reconsideration, or demonstrate either a change in the controlling law or clear error, there is no basis for relief and the Motion for Partial Reconsideration is denied.

6. Plaintiff has two additional pending motions. First, she seeks a six-month extension of time to complete service on Defendants Geter, Zelko, Delgiorno, Clark, Hawk, and Siglin, for whom she is awaiting updated address information from the Department of Corrections and Community Supervision. (Docket No. 24.) This motion is granted, and service of these Defendants must now be complete by December 19, 2018. Second, Plaintiff has requested additional time to respond to the Partial Motion to Dismiss submitted by Defendant Wilkins. (Docket No. 25.) Because Plaintiff has already responded to the motion (Docket No. 26), the request for an extension through July 23, 2018 is denied as moot. Plaintiff also opposes Defendants' request that the case be stayed as to all other Defendants pending resolution of Wilkins' motion. Because the time for service has been extended, and to ensure efficiency in discovery and case management, response deadlines for all Defendants other than Wilkins are stayed pending resolution of his motion to dismiss.

IT HEREBY IS ORDERED that Plaintiff's Motion for Partial Reconsideration (Docket No. 23) is DENIED;

FURTHER, that the Motion for Extension of Time to Complete Service (Docket No. 24) is GRANTED and service of Defendants Geter, Zelko, Delgiorno, Clark, Hawk, and Siglin must be complete by December 19, 2018;

FURTHER, that Motion for Extension of Time to respond to Defendant Wilkins' Motion to Dismiss (Docket No. 25) is DENIED as moot;

FURTHER, that response deadlines for all Defendants other than Wilkins are STAYED pending resolution of Wilkins' Motion to Dismiss.

SO ORDERED.

/s/William M. Sketny
William M. Skretny
United States District Judge

DATED: July 15, 2018
Buffalo, NY