UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

DANA GIBSON,

                 Plaintiff,                 **Hon. Hugh B. Scott**

                                          **17CV272S**

                 v.                      **Report**
                                         **&**
                                     **Recommendation**

NICOLE A. HEARY,
ROBERT D. SIGLIN, et al.,

                 Defendants.
───────────────────────────────

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 61; cf. Docket No. 49, initial non-dispositive referral Order of Mar. 29, 2019). The instant matter before the Court is a motion of defendant P.T. Piccolo to dismiss the Amended Complaint (Docket No. 60). Also pending is plaintiff's motion for leave to file that Amended Complaint (Docket No. 58).

## BACKGROUND

This is a civil rights action commenced by a self-represented prison inmate. Here, plaintiff sued various New York State Department of Corrections and Community Supervision officials and officers, including defendant P.T. Piccolo (Docket No. 1, Compl.; see also Docket No. 7, Am. Compl.). Plaintiff also moved for leave to proceed as a poor person, or in forma pauperis (Docket No. 2). In granting that status, this Court dismissed claims against Piccolo

(Docket No. 11, Order of Mar. 8, 2018; see also Docket No. 5, Order of Aug. 24, 2017, granting in forma pauperis status).

After entry of a Scheduling Order (Docket No. 57) with deadline for motions to amend pleadings, plaintiff filed the pending motion for leave to amend the Complaint (Docket No. 58). The proposed amendment appears to revive the dismiss claims against Piccolo. Noting this, Piccolo moved to dismiss the Amended Complaint (Docket No. 60).

Responses to plaintiff's motion were due by August 2, 2019 (Docket Nos. 59, 63) but defendants to date have not responded to the motion, save Piccolo's present motion to dismiss.

In a letter dated August 1, 2019, and filed by this Court on August 7, 2019, plaintiff conceded that claims should not be commenced again against Piccolo (Docket No. 64). Plaintiff denies intending to reassert these claims (id. at 1). Plaintiff thus consents to termination of Piccolo as a defendant (id.). Plaintiff merely cited Piccolo to assert the constitutional claims in the Third Cause of Action (id.). Plaintiff also notes Piccolo's present motion to dismiss is premature (id. at 2).

## DISCUSSION

Plaintiff is correct in this final point; defendant Piccolo moves to dismiss a proposed Amended Complaint before leave has been granted for amendment. This motion to dismiss a proposed amendment is premature, Harmon v. Johnson, No. 90 Civ. 0998, 1990 U.S. Dist. LEXIS 5881, at *2 (S.D.N.Y. May 15, 1990) (denying motion without prejudice). As noted by this Court in another case, "ordinarily, the motion to dismiss would address the original Complaint and the merits of a proposed amendment would be considered under Rule 15 and the liberal leave to amend" standard, Baker Homes Tenant Council, Inc. v. Lackawanna Mun. Hous.

2

Auth., No. 14CV284, 2014 U.S. Dist. LEXIS 172001, at *19 (W.D.N.Y. Oct. 20, 2014) (Scott, Mag. J.).  Until leave is granted, the amended pleading does not assert claims; the original pleading (as refined by the in forma pauperis Orders) remains applicable.  The better procedure would have been for defendants to respond to the motion for leave to amend by opposing it as futile for repleading claims against Piccolo, see Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" Id. (quoting Fed. R. Civ. P. 15(a))).  To date, defendants have not responded to plaintiff's pending motion for leave to amend.

Since the in forma pauperis Order dismissed claims against Piccolo alleged in the original Complaint (Docket No. 11), Piccolo's present motion to dismiss should be **denied without prejudice as premature**, see Harmon, supra, 1990 U.S. Dist. LEXIS 5881, at *2.

In a separate Order, plaintiff's motion for leave amend (Docket No. 58) will be dismissed.  Plaintiff next could redraft the proposed Amended Complaint and not name Piccolo as a defendant.  That amendment may state Piccolo and whatever role Piccolo may have in the case to allege the constitutional claim in the Third Cause of Action, or allege the same facts without mentioning Piccolo at all.

Plaintiff may refile the motion for leave to amend by **September 12, 2019**, with briefing for that motion to be set in a separate Order.  If objections to this Report & Recommendations are filed, the above filing deadline for the motion for leave to amend will be held **in abeyance**

**pending resolution of Piccolo's motion to dismiss**.  Alternatively, the parties may stipulate to plaintiff's other proposed amendments to the Complaint; this Court notes that defendants have not responded to plaintiff's other proposed amendments.  This will be an opportunity for plaintiff to start over and seek leave to amend.

## CONCLUSION

Based upon the above, it is recommended that defendant P.T. Piccolo's motion to dismiss the proposed Amended Complaint (Docket No. 60) be **denied without prejudice as premature,** but, in a separate Order, plaintiff's motion (Docket No. 58) for leave to amend the Complaint will be **terminated without prejudice to be renewed as stated in this Report**.

A copy of this Report will be sent by Chambers to plaintiff's current address of record.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
 August 12, 2019