UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA GIBSON,

       Plaintiff,

                  **Hon. Hugh B. Scott**

                  17CV272S

      v.

                  **Order**

NICOLE HEARY, et al.,

       Defendants.

  Before the Court is plaintiff's motion to compel (Docket No. 75; see also Docket Nos. 77 (courtesy copy of motion), 78 (acknowledging duplication)). Responses to this motion were due by January 22, 2020, and reply by January 28, 2020 (Docket No. 76). Defendants filed a response (Docket No. 80), with exhibits of discovery production to plaintiff of over 570 pages (id.). Plaintiff did not file a reply. The motion was deemed submitted (without oral argument) on February 4, 2020.

## BACKGROUND

  This is an inmate civil rights action commenced by self-represented plaintiff. Plaintiff filed the initial Complaint (Docket No. 1) and moved for in forma pauperis status (Docket No. 2). Judge William Skretny granted the motion for in forma pauperis status also dismissing certain defendants and claims (Docket No. 5; see also Docket Nos. 11 (Order dismissing other defendants), 16 (Order to defense to identify John Doe defendants), 17 (letter from defense in

response to No. 16), 23 (plaintiff's motion to reconsider dismissal of some defendants), 28 (Order denying reconsideration), 44 (Order denying defendant Wilkins' motion to dismiss).

Plaintiff then filed an Amended Complaint (Docket No. 7). On March 27, 2019, defendants answered (Docket No. 47). Judge Skretny referred this case to the undersigned on March 29, 2019 (Docket No. 49). Plaintiff, in response to a motion from another defendant to be dismissed (Docket No. 60), moved for leave to amend the Complaint to drop that defendant and to identify a John Doe defendant (Docket Nos. 67, 70); leave to so amend was granted (Docket No. 73). On September 25, 2019, plaintiff filed the Second Amended Complaint (Docket No. 74).

The current Scheduling Order (Docket No. 57) had discovery to be finished by December 27, 2019, dispositive motions due by March 26, 2020, and a status conference in this Court on February 12, 2020 (id.). With plaintiff's motion, this Court held the Scheduling Order deadlines in abeyance pending resolution of this motion (Docket No. 76).

*Plaintiff's Motion to Compel*

Plaintiff now moves to compel answers to Interrogatories from seven defendants (Docket No. 75). Defendants respond by serving and filing (as exhibits) responses to plaintiff's Interrogatories (Docket No. 80). The Answer to Interrogatories for these seven defendants total 570 pages. Given this production, defendants conclude that plaintiff's motion is now moot (id. at 1), Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 314 F.R.D. 85, 88 (S.D.N.Y. 2016).

DISCUSSION

I.      Applicable Standards

Discovery under the federal rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).

> "unless otherwise limited by court order, the scope of discovery is as follows: parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the case, considering the importance of the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be in evidence to be discoverable."

Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2015).

This Court has broad discretion in deciding motions to compel, Fin. Guar. Ins. Co., supra, 314 F.R.D. at 87; Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). As held by Judge Robert Sweet in Financial Guaranty Insurance Co., "where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot," 314 F.R.D. at 88; see, e.g., Decker v. Nagel Rice LLC, 716 F.Supp.2d 228, 236 (S.D.N.Y. 2010) (see also Docket No. 80, Defs. Response at 1).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without Court intervention. Fed. R. Civ. P. 37(a)(5)(A). The imposition of this initial

sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in consideration of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). A pro se litigant, however, may not obtain an award for attorney's fees but may be awarded other reasonable motion expenses, 7 Moore's Federal Practice—Civil § 37.23 (2020); see Walker v. Tri-Tech Planning Consultants, Inc., 149 F.R.D. 22, 23 (E.D.N.Y. 1993).

II. Defendants' Production

    A. Motion to Compel

Defendants answered plaintiff's interrogatories upon plaintiff's serving the motion to compel. Plaintiff has not replied so it is unknown if this production satisfied plaintiff. Thus, plaintiff's motion to compel (Docket No. 75) is **deemed moot**, see Landry v. Nance,

4

No. 09CV1086, 2011 U.S. Dist. LEXIS 18630, at *7 (W.D.N.Y. Feb. 25, 2011) (Scott, Mag. J.) (as argued by defense, Docket No. 80, at 1).

B. Discovery Sanctions

Under Rule 37(a)(5), the fact that defendants did produce in the face of plaintiff's motion to compel may still subject defendants to discovery sanctions, id.; Fed. R. Civ. P. 37(a)(5)(A) ("if the disclosure or requested discovery is provided after the motion was filed" court must require opponent to pay movant's reasonable motion expenses); plaintiff would be entitled to recover motion costs. Plaintiff is proceeding pro se, however, so there are no attorney's fees to recover, Fed. R. Civ. P. 37(a)(5)(A). Plaintiff may have incurred costs for filing the motion (such as duplication and mailing costs) that may be recoverable.

Plaintiff is to apply to recover those costs by **February 26, 2020**. Defendants are to respond, including stating any grounds to preclude imposing those costs, by **March 6, 2020**. This cost application will be deemed submitted, without oral argument, following defendants filing their response or expiration of the time for such a response if defendants do not respond.

III. Amended Scheduling Order

With resolution of plaintiff's motion to compel, the discovery deadline and subsequent deadlines need to be rescheduled. As a result:

AMENDED SCHEDULING ORDER

- Discovery is to be completed by **April 3, 2020**;
- Status Conference set for **Wednesday, February 26, 2020, 2 pm**, before the undersigned to discuss the status of remaining discovery and other pretrial proceedings. Defense

counsel shall arrange for plaintiff to be present for this conference by teleconference from plaintiff's current facility;

- Dispositive motions due by **July 7, 2020**;

- If no dispositive motions are filed, Status Report due by **August 3, 2020**. Pretrial Conference set for **Wednesday, August 12, 2020, 2 pm**, before the undersigned.

- Both conferences ordered herein are scheduled for the **Wyoming (5E) Courtroom, Robert Jackson United States Courthouse, Buffalo, New York**, unless otherwise reset.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 75) to compel production is **deemed moot by defendants' production**. Plaintiff shall apply to recover motion costs by **February 26, 2020**, defendants shall respond by **March 6, 2020**, and that application will be deemed submitted without oral argument.

The Scheduling Order (Docket No. 57) is amended as stated above.

A copy of this Order was sent by mail to plaintiff at the Auburn Correctional Facility, plaintiff's address of record, by Chambers of the undersigned.

So Ordered.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      February 5, 2020