UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA GIBSON,

          Plaintiff,

          v.

NICOLE HEARY, et al.,

          Defendants.

**Hon. Hugh B. Scott**

17CV272S

**Order**

Before the Court is plaintiff's motion to recover fees for his motion to compel (Docket No. 85; see also Docket Nos. 75 (motion to compel), 81 (Order on motion)). Responses to this motion were due by March 10, 2020, with argument at status conference held on March 12, 2020 (Docket No. 86). Defendants filed a response (Docket No. 87) objecting to awarding costs to plaintiff. The motion was argued and deemed submitted on March 12, 2020 (Docket No. 88).

BACKGROUND

This is an inmate civil rights action commenced by self-represented plaintiff. Plaintiff filed the initial Complaint (Docket No. 1) and moved for in forma pauperis status (Docket No. 2). Judge William Skretny granted the motion for in forma pauperis status also dismissing certain defendants and claims (Docket No. 5; see also Docket Nos. 11 (Order dismissing other defendants), 16 (Order to defense to identify John Doe defendants), 17 (letter from defense in response to No. 16), 23 (plaintiff's motion to reconsider dismissal of some defendants), 28 (Order denying reconsideration), 44 (Order denying defendant Wilkins' motion to dismiss).

Plaintiff then filed an Amended Complaint (Docket No. 7). On March 27, 2019, defendants answered (Docket No. 47). Judge Skretny referred this case to the undersigned on March 29, 2019 (Docket No. 49). Plaintiff, in response to a motion from another defendant to be dismissed (Docket No. 60), moved for leave to amend the Complaint to drop that defendant and to identify a John Doe defendant (Docket Nos. 67, 70); leave to so amend was granted (Docket No. 73). On September 25, 2019, plaintiff filed the Second Amended Complaint (Docket No. 74). Meanwhile, this Court entered a Scheduling Order (Docket No. 57) in which motions to compel discovery were due by November 25, 2019, and discovery completed by December 27, 2019 (id.).

On December 23, 2019, plaintiff moved to compel answers to Interrogatories from seven defendants (Docket No. 75), including defendant New York State Department of Corrections and Community Supervision (or "DOCCS"). Defendants respond by serving and filing (as exhibits) responses to plaintiff's Interrogatories (Docket No. 80). These Interrogatory Answers and other discovery responses were dated in November 2019 to January 17, 2020, when DOCCS dated its Answer (id.). Given this production, defendants conclude that plaintiff's motion is now moot (id. at 1), Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC, 314 F.R.D. 85, 88 (S.D.N.Y. 2016). Defendants did not argue the timing of plaintiff's motion relative to ongoing production or about plaintiff's efforts (or lack thereof) to resolve the production issues short of the motion to compel.

This Court agreed with defendants and found plaintiff's motion was mooted by defense production (Docket No. 81, Order on Motion, dated Feb. 5, 2020, at 4-5). Nevertheless and pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), this Court set forth a briefing schedule for plaintiff to apply to recover reasonable motion costs (id. at 5). That Order also reopened the

schedule (held in abeyance during the pendency of the motion to compel, Docket No. 76), with discovery now to be completed by April 3, 2020 (Docket No. 81, Order at 5-6; see also Docket No. 82, Amended Scheduling Order).

Following a status conference (Docket No. 84) plaintiff then filed the present motion applying to recover $25.00 as reasonable motion costs (Docket No. 85), mostly duplication costs and postage (id. Pl. Decl. ¶ 7).

Defendants respond (Docket No. 87), objecting to the imposition of these costs. There, defendants argue that most of the production was completed prior to plaintiff filed the motion to compel, hence that motion was not necessary, and plaintiff should not recover motion costs (id. at 1, 2). Defendants contend that the difficulty in completing responses was obtaining a signature on behalf of DOCCS to its Interrogatory Answers (id. at 1 n.1). On November 20, 2019, defense counsel wrote to plaintiff that some signatures were awaited before completing production (id. at 2). While denying that defendants were withholding documents or there was a genuine dispute as to what needed to be produced, defendants claim that there was "an issue of timing" here (id. at 3). Of the 27 requests from plaintiff, 24 had been submitted prior to plaintiff's motion (id. at 2, 3). Defendants contend that the motion to compel was not the impetus for compliance with plaintiff's demands (id. at 3). Defendants now argue that there was no good faith effort to obtain the balance of this discovery short of the motion (id. at 4). Defendants, however, have not objected to the amount claimed.

DISCUSSION

I.       Applicable Standards

As previously discussed (Docket No. 81, Order at 3-4), this Court has broad discretion in deciding motions to compel, Fin. Guar. Ins. Co., supra, 314 F.R.D. at 87; Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 488 (2d Cir. 1999). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without Court intervention. Fed. R. Civ. P. 37(a)(5)(A). The imposition of this initial sanction may not occur if movant filed the motion before attempting in good faith to resolve this without Court intervention; if the non-disclosure was substantially justified; or other circumstances made an award of expenses unjust. Imposition of sanctions for failure to comply with discovery demands must be weighed in consideration of the full record. Johanson v. County of Erie, No. 11CV228, 2012 U.S. Dist. LEXIS 6772, at *3 (W.D.N.Y. Jan. 20, 2012) (Scott, Mag. J.); see Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). The key here is that the movant is entitled only to reasonable costs and attorneys' fees, if entitled to recover anything at all. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). A pro se litigant, however, may not obtain an award for attorney's fees but may be awarded other reasonable

4

motion expenses, 7 Moore's Federal Practice—Civil § 37.23 (2020); see Walker v. Tri-Tech Planning Consultants, Inc., 149 F.R.D. 22, 23 (E.D.N.Y. 1993).

II.     Award of Plaintiff's Costs

Under Rule 37(a)(5), the fact that defendants did produce in the face of plaintiff's motion to compel may still subject defendants to discovery sanctions, id.; Fed. R. Civ. P. 37(a)(5)(A) ("if the disclosure or requested discovery is provided after the motion was filed" court must require opponent to pay movant's reasonable motion expenses); plaintiff would be entitled to recover motion costs. Plaintiff is proceeding pro se, however, so there are no attorney's fees to recover, Fed. R. Civ. P. 37(a)(5)(A). Plaintiff claims a total of $25.00 in postage and duplication costs in filing the motion to compel and defendants do not object to the amount claimed.

Defense objections stem from the necessity of the motion to compel and their contention that plaintiff did not in good faith attempt to resolve the discovery dispute short of motion practice. First, plaintiff is self-represented and operating from prison; this reduces the avenues in which to seek discovery short of judicial intervention or to arrange a meeting to confer on production. Plaintiff had to rely upon written correspondence as to defense production and plaintiff's deposition on December 19, 2019, where production time was discussed off the record (see Docket No. 87, Defs. Response at 2).

Second, defendants' rolling production occurred around the deadline for motions to compel discovery (id.; see Docket No. 57, Scheduling Order, motion to compel by Nov. 25, 2019), with defense counsel submitted responses on November 20, 2019 (Docket No. 87, Defs. Response at 2). Defendants did not object to the timing of plaintiff's subsequent motion to compel under the Scheduling Order deadline or note plaintiff's failure to engage in efforts to

5

obtain this discovery short of the motion. Defendants now raise this timing issue of their production and did not argue it in response to the original motion to compel. Had defendants raised these objections in response to the motion (as well as noting actual production made), this Court may have denied recovery of any motion costs.

This Court acknowledges that defendants did not object to production, had a genuine dispute as to this production (even to the volume sought), or obstruct production. The problem here is defendants did not state that their production was underway when plaintiff moved to compel it, so the eventual final production by defendants appears to be in the face of plaintiff's motion. As a result under Rule 37(a)(5)(A) plaintiff is entitled to recover costs. Applying the exceptions under that rule for imposition of costs and given plaintiff's incarceration, good faith attempts were made to resolve this dispute short of the motion. Plaintiff could not wait for defendants to complete discovery, which occurred on January 17, 2020, weeks after the original deadline for completion of discovery (cf. Docket No. 57) held in abeyance due to plaintiff's motion (Docket No. 76). While defendants argue that they did not produce pursuant to plaintiff's motion to compel (Docket No. 87, Defs. Response at 3), in effect their last production was timely done due to plaintiff's motion and the Scheduling Order deadlines being held in abeyance. Finally, the circumstances here do not make an award of $25 unjust. Defendants do not object to the amount claimed and, in most circumstances that amount is de minimis. To plaintiff with an inmate account, this amount is a treasure.


CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 85) to recover reasonable motion to compel costs is **granted**. Plaintiff shall recover from defendants **$25.00** for recovery of motion costs. The Court Clerk is to make note of this recovery.

A copy of this Order was sent by mail to plaintiff at the Auburn Correctional Facility, plaintiff's address of record, by Chambers of the undersigned.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 13, 2020