UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANA GIBSON,

               Plaintiff,

     v.

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION ("DOCCS"),

               Defendant.

**DECISION AND ORDER**

17-CV-272S

## I.  INTRODUCTION

Before this Court is Plaintiff Dana Gibson's motion to find Defendant DOCCS in contempt of this Court's order incorporating the terms of the settlement agreement between them. Gibson also seeks sanctions against DOCCS for its alleged violation of the settlement order. Because this Court finds that Gibson has not met the stringent standard for a finding of contempt, and because sanctions are not warranted at this time, it will deny Gibson's motion.

## II.  BACKGROUND

**A.   Facts**

In a complaint filed in 2017, Gibson, who is in DOCCS custody, asserted causes of action against multiple defendants under the First, Eighth, and Fourteenth Amendments and under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). On March 5, 2021, this Court granted summary judgment to the defendants on all but Gibson's RLUIPA claim. (Docket No. 123.)

Gibson's RLUIPA claim asserted that Defendants substantially burdened the

1

exercise of her Jewish faith when they denied her the use of an electric menorah when she was housed in the Special Housing Unit ("SHU") during Chanukah. This Court found that DOCCS had not met its burden under RLUIPA of showing that the policy denying electric menorahs to prisoners in SHU—while allowing them to non-SHU prisoners—was the least restrictive means of achieving a compelling penological interest. (Id. at pp. 13-14.) It therefore denied Defendants' motion as to the RLUIPA claim and directed the parties to engage in mediation.

On September 23, 2021, this Court "so ordered" the parties' stipulation of settlement. (Docket No. 136.) In relevant part, DOCCS promised that it would "immediately issue a memorandum to all facilities initiating a policy change having the effect of modifying Directive No. 4933 Sec. 302.2(f)(2) to add '(xxv) an electric menorah.'" (Docket No. 138 at p. 14.)[1]

On May 31, 2022, Gibson moved for civil contempt and monetary sanctions against DOCCS. (Docket No. 138.) In an affidavit, she attests that she requested an electric menorah while in SHU during Chanukah of 2021. (Id. at p. 8.) In response, Superintendent Julie Wolcott of Attica Correctional Facility, where Gibson was then housed in SHU, informed Gibson that DOCCS had not issued any form of memorandum changing its policy on electric menorahs in SHU. (Id. at pp. 8-9.) Wolcott therefore denied Gibson's request. (Id. at p. 9.)

On December 2, 2021, Gibson wrote to the counsel who represented DOCCS in

---

[1] DOCCS submitted versions of Directive 4933 from 2011 to 2017 attached to its reply papers supporting its motion for summary judgment. (See Docket No. 116-1.) The latest version, dated April 18, 2017, provides that within 72 hours of admission to SHU, incarcerated individuals will have access to specific enumerated personal possessions. (Id. at pp. 125-26.) The list, which contains 24 items, includes religious items such as a religious book, a prayer rug, a religious pendant and chain or cord, a prayer shawl, tefillin, tallit katan, and rosary or dhikr beads, but does not mention a menorah, electric or otherwise. (Id.)

this proceeding, Assistant Attorney General Ryan Belka, to ask for his assistance in obtaining DOCCS's compliance with the terms of the settlement. (Id. at p. 20-21.) When she did not hear back, she filed the instant motion for contempt and sanctions. (Id. at p. 9.)

In response to the present motion, Belka submitted a declaration asserting that DOCCS had, in fact, complied with the settlement agreement. (Docket No. 140 at pp. 1-3.) Attached to DOCCS's response is a memorandum dated May 20, 2021—before the settlement agreement—titled "Religious Accommodation in SHU." (Id. at p. 5.) Addressed to "All Superintendents," the memorandum states that "incarcerated individuals confined to SHU during Chanukah will be allowed to light an electric or battery menorah." (Id.) A second memorandum is dated November 24, 2021, addressed to "All Deputy Superintendents for Program Services," and titled "Jewish Protocols for Chanukah 2021." (Id. at pp. 7-8.) It states that "a Jewish incarcerated individual housed in a special area, e.g., Special Housing Unit (SHU) … may request a Menorah (battery operated only) during Chanukah."  (Id.) This memorandum directs its readers to the attached May 20, 2021 memorandum. (Id.) DOCCS argues that these two memoranda satisfy its obligations under the settlement agreement. (Id. at p. 3.)

In reply, Gibson repeats that she was denied menorah during Chanukah 2021 and points out that Superintendent Wolcott stated that there was no memorandum changing Directive No. 4933, Sec. 302.2(f)(2). Gibson argues that ensuring compliance with the memoranda DOCCS issued was part of the settlement agreement, because it is the duty of DOCCS to ensure that its staff comply with its directives. (Docket No. 142 at p. 4.)

**B.    Procedural History**

3

Gibson filed the instant motion for civil contempt and monetary sanctions on May 31, 2022. (Docket No. 138.) DOCCS, the sole remaining defendant, responded on June 16, 2022. (Docket No. 140.) Gibson replied on June 30, 2022, and this Court took the matter under advisement without oral argument. (Docket No. 142.)

## III.  DISCUSSION

Gibson moves for a finding of contempt and the imposition of sanctions due to Defendant DOCCS's alleged failure to comply with the settlement agreement between the parties. DOCCS opposes Gibson's motion.

### A.  Jurisdiction

Before turning to Gibson's motion, this Court must ensure that it has jurisdiction over the settlement agreement. "Actions to enforce settlement agreements are in essence, breach of contract actions governed by state law." Gomez v. Terri Vegetarian LLC, No. 17-CV-213 (JLC), 2021 WL 2349509, at *3 (S.D.N.Y. June 9, 2021). Thus, when a plaintiff asks a court to enforce the parties' settlement agreement, the court "must first satisfy itself that it has retained ancillary jurisdiction to act." Id. (citing Melchor v. Eisen & Son Inc., No. 15-CV-0113 (DF), 2016 WL 3443649, at *5 (S.D.N.Y. June 10, 2016) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80, 114 S. Ct. 1673, 1677, 128 L. Ed. 2d 391 (1994)).

A federal court retains jurisdiction over a settlement agreement either when the court specifically retains jurisdiction over the settlement agreement or when the settlement agreement is incorporated into the order dismissing the case. Roberson v. Giuliani, 346 F.3d 75, 82 (2d Cir. 2003) (quoting Kokkonen, 511 U.S. at 381). In the latter

case, the district court "necessarily ma[kes] compliance with the terms of the [settlement] agreement a part of its order so that 'a breach of the agreement would be a violation of the order.'" Id. The district court may enforce such a settlement as an exercise of its ancillary jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees." StreetEasy, Inc. v. Chertok, 752 F.3d 298, 305 (2d Cir. 2014) (citing Kokkonen, 511 U.S. at 380).

This Court incorporated the terms of the settlement agreement when it "so ordered" the agreement, on September 23, 2021, and therefore has ancillary jurisdiction over the settlement agreement. Kokkonen, 511 U.S. at 380.

## A. Contempt

Gibson moves this Court for an order finding DOCCS in contempt.  She takes the statement of Superintendent Wolcott that there had been no amendment to Directive 4933, and Wolcott's refusal to give her an electric menorah for Chanukah 2021, as evidence of DOCCS's noncompliance. DOCCS argues in response that the two memoranda it issued satisfy its obligations under the agreement and it is therefore not in contempt.

A contempt order is a "potent weapon," Int'l Longshoremen's Ass'n v. Phila. Marine Trade Ass'n, 389 U.S. 64, 76, 88 S. Ct. 201, 19 L. Ed. 2d 236 (1967), that is inappropriate if "there is a fair ground of doubt as to the wrongfulness of the defendant's conduct," Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618, 5 S. Ct. 618, 28 L. Ed. 1106 (1885). "A contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). To establish contempt, the

burden is on the movant to establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Latino Officers Ass'n City of New York, Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009).

**B. Neither a finding of contempt nor the imposition of sanctions is warranted.**

Having considered the parties' submissions, this Court does not find that Gibson has met her burden for several reasons. First, the settlement agreement is neither clear nor unambiguous. The reference to "Directive 4933 Sec. 302.2 (f)(2)" is ambiguous because it appears to incorporate both a Directive, which is part of DOCCS' operating manual, and New York's Code of Civil Regulations. Further, it is not clear to this Court what showing would suffice to demonstrate that a memorandum has "had the effect" of changing a DOCCS directive or a state regulation.

Next, there is no clear and convincing evidence that DOCCS failed to comply with the agreement. After the agreement was "so ordered," DOCCS issued the November 24, 2021 memorandum directed to ensuring that SHU inmates would receive an electric menorah, at least for Chanukah 2021. Wolcott's alleged denial of an electric menorah in 2021 is not clear and convincing proof of *DOCCS*' noncompliance with the obligation to issue a memorandum. Finally, DOCCS's issuance of the November 24, 2021 memorandum after this Court's order, Belka's assertions of his immediate inquiry into the matter, and DOCCS' prompt reply suffice to demonstrate diligence. (See Docket No. 140 at p. 2.) For all these reasons, the "stringent" standard for a finding of contempt has not been met.

### C.  Further briefing is required

At the same time, questions remain after the parties' briefing. This Court requires further briefing from DOCCS on how the policy change promised in the settlement agreement is being implemented. DOCCS's position is that it has fully satisfied its obligations under the settlement agreement through the issuance of the May 2021 memorandum—which was issued before the settlement agreement was signed, and the November 2021 memorandum—which relates only to Chanukah 2021.  But it is not clear that this constitutes full compliance.

First, the May 2021 memorandum was issued before the parties entered their agreement, so this Court does not see how it satisfies DOCCS's promise in the September 2021 agreement to issue a memorandum "immediately" after that date.

Further, DOCCS does not explain how a one-time memorandum could have the effect of changing a policy in the long term. Nor does it submit any evidence that the operative version of Directive 4933 has been modified. Because courts may take judicial notice of the rules and regulations of an administrative agency, <u>United States v. Knauer</u>, 635 F. Supp. 2d 203, 206 (E.D.N.Y. 2009), this Court takes judicial notice of a version of Directive 4933 dated June 28, 2022, and available on the DOCCS website.[2] The list of items permitted in SHU in this version of the directive does not include an electric menorah. (Directive No. 4933 (IV)(B)(6)(b)(1)-(24).)

Finally, this Court notes the difference between the memorandum dated May 20, 2021, which states that "incarcerated individuals confined to SHU during Chanukah *will*

---

[2]https://doccs.ny.gov/laws-rules-directives-Listing?f%5B0%5D=filter_term%3A246&keyword=&created_date=&created_date_1=&page=. (accessed 10/11/2022 at 10:13 a.m.).

7

*be allowed* to light an electric or battery menorah" (Docket No. 140 at p. 5) (emphasis added) and the second memorandum, dated November 24, 2021, stating only that, for Chanukah 2021, individuals housed in SHU "*may request* a Menorah (battery operated only.)" (Id. at p. 8.) (emphasis added). Reading these two memoranda and the 2022 version of Directive 4933 (IV)(B) available on DOCCS's website against the terms of the settlement agreement, the question remains whether the "policy change" promised in the settlement agreement has truly been brought about.

DOCCS is therefore directed to submit a report within 30 days of the entry date of this decision explaining why it believes the settlement agreement has been fully satisfied and/or specifying steps it will continue to take to achieve a lasting modification of Directive 4933 going forward.

## IV.  CONCLUSION

Because Gibson has not made a showing warranting an order of contempt, her motion for contempt and sanctions will be denied. But because this Court cannot determine whether the settlement agreement has indeed been fully complied with, DOCCS is directed to submit further briefing on the issue.

## V.  ORDERS

IT HEREBY IS ORDERED, that Plaintiff Dana Gibson's Motion for Contempt and Sanctions (Docket No. 138) is DENIED.

FURTHER, that DOCCS must submit additional briefing addressing the requirements of the Settlement Agreement as specified above within 30 days of the entry date of this Order.

FURTHER, that DOCCS is DIRECTED to serve a copy of this Decision and Order on Gibson at the facility where she is currently housed within 14 days of the entry date of this order.

SO ORDERED.


Dated:      October 18, 2022
            Buffalo, New York


                                        s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                   United States District Judge